IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 1, 2002

## STATE OF TENNESSEE v. CORRIE J. JOHNSON

**Appeal from the Circuit Court for Hardin County**
**No. 8073     C. Creed McGinley, Judge**

---

**No. W2002-00429-CCA-R3-CD  - Filed October 23, 2002**

---

The Defendant, Corrie J. Johnson, was convicted by a jury of selling cocaine, a Class C felony.  The trial court sentenced the Defendant as a Range II multiple offender to eight years, to be served consecutively to two other sentences, for which the Defendant was on probation.  The trial court also revoked the Defendant's probation on the two prior convictions.  In this appeal as of right, the Defendant presents three issues: whether the evidence was sufficient to sustain his conviction, whether the trial court erred in its application of enhancing and mitigating factors when deciding the Defendant's sentence, and whether the trial court erred by revoking the Defendant's probation.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ALAN E. GLENN, JJ., joined.

Richard W. Deberry, Assistant Public Defender, Camden, Tennessee, for the appellant, Corrie J. Johnson.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Robert Radford, District Attorney General; and John W. Overton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On March 6, 2001, Investigator Tim Cunningham of the Savannah Police Department was working as a member of an undercover drug task force.  He used an informant named Jo Ellen Kee who established herself in the community to make drug purchases.  Cunningham testified that on March 5 the Defendant told the informant that he would sell her drugs.  On March 6, Cunningham followed his informant to the Defendant's grandmother's house.  A video camera and audio equipment were mounted in the informant's vehicle so Officer Cunningham could listen to

conversations taking place in the vehicle and videotape anything occurring inside the car. At the grandmother's house, Cunningham observed his informant, Ms. Kee, talking to the Defendant and a man named Tuffy Jackson. A few minutes later, he heard Kee get back in her car, and she told him that she was going to meet the Defendant elsewhere. At the next location, he was able to hear the voices of Kee and the Defendant inside her car. Cunningham then followed them to a gas station, where the Defendant made a call from a pay telephone. When the Defendant returned to Kee's vehicle, he instructed her where to go next. At this point, Cunningham did not know where the Defendant and his informant were going; he was simply following the car. Finally the informant's car arrived at a trailer. The Defendant got out. When the Defendant returned to the vehicle, Kee drove back to the house where she had picked him up, and he got out of the car. Eventually Cunningham met with Kee, and she gave him cocaine that she had received from the Defendant, some of which was loose and some of which was in a white piece of paper. Cunningham then packaged the cocaine and prepared it to be sent to the Tennessee Bureau of Investigation Crime Laboratory.

Jo Ellen Kee, the informant used by Officer Cunningham, testified that she went to the Defendant's grandmother's house in her capacity as an informant for the drug task force. When she arrived, she told the Defendant that she wanted to buy cocaine. He told her that they would need to go to another house. She drove the Defendant to the other house, and when they got there, she gave the Defendant one-hundred dollars that had been given to her by Officer Cunningham. Ms. Kee testified that the Defendant then gave her two loose pieces of crack cocaine and told her that he would give her the rest later. The Defendant and Ms. Kee then left this second house in her car. The Defendant told her that he needed to pick up something and had her stop at a gas station so he could make a telephone call. Ms. Kee testified that she assumed he was taking her to pick up more cocaine. Ultimately the Defendant had her drive to a trailer where he retrieved a plastic bag containing cocaine. He divided the cocaine between the two of them, putting Ms. Kee's share in a piece of paper that he found in the floorboard of her car. After she dropped the Defendant off, she gave the cocaine she had received to Officer Cunningham.

Brian Eaton, a forensic scientist with the Tennessee Bureau of Investigation Crime Laboratory, testified that he tested the drugs that Officer Cunningham provided to him. He determined the sample to be .2 grams of cocaine.

The Defendant contends that the evidence was insufficient to support his conviction for selling cocaine. Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." Evidence is sufficient if, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Smith, 24 S.W.3d 274, 278 (Tenn. 2000). In addition, because conviction by a trier of fact destroys the presumption of innocence and imposes a presumption of guilt, a convicted criminal defendant bears the burden of showing that the evidence was insufficient. See McBee v. State, 372 S.W.2d 173, 176 (Tenn. 1963); see also State v. Buggs,

995 S.W.2d 102, 105-06 (Tenn. 1999); State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In its review of the evidence, an appellate court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Tuggle, 639 S.W.2d at 914; see also Smith, 24 S.W.3d at 279. The court may not "re-weigh or re-evaluate the evidence" in the record below. Evans, 838 S.W.2d at 191; see also Buggs, 995 S.W.2d at 105. Likewise, should the reviewing court find particular conflicts in the trial testimony, the court must resolve them in favor of the jury verdict or trial court judgment. See Tuggle, 639 S.W.2d at 914. All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact, not the appellate courts. See State v. Morris, 24 S.W.3d 788, 795 (Tenn. 2000); State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987).

In his challenge to the sufficiency of the evidence, the Defendant states that "the credibility of the informant is not sufficient to convict him." He points out that Ms. Kee was working for the drug task force only because her probation was about to be revoked, and she got paid by the task force only if she successfully purchased illegal drugs. The Defendant further notes that Ms. Kee has six prior convictions for delivery of drugs. Furthermore, one of the Defendant's witnesses, Richard Taylor, testified that he had observed Ms. Kee use cocaine while she was working as an informant for the drug task force.[1] Finally, the Defendant testified that he did not sell drugs to Ms. Kee, although he admitted that he "shared" some cocaine with her. For the above reasons, the Defendant argues that the informant's credibility is not sufficient to support his conviction for selling cocaine. This argument must fail.

As we have already stated, appellate courts do not resolve issues regarding the credibility of witnesses. See State v. Morris, 24 S.W.3d 788, 795 (Tenn. 2000). This Court must resolve any conflicts in the trial testimony in favor of the jury verdict. See Tuggle, 639 S.W.2d at 914; State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Obviously, the jury credited the testimony of Ms. Kee and convicted the Defendant of selling cocaine. This Court may not re-weigh the evidence relied on by the jury. See Evans, 838 S.W.2d at 191. Rather we are constrained to determine whether, in the light most favorable to the prosecution, any rational trier of fact could have found that the Defendant is guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). In this case, we find that the evidence is sufficient to support the Defendant's conviction of selling cocaine. Accordingly, this issue is without merit.

The Defendant also asserts that the trial court erred in its application of enhancing and mitigating factors when deciding the Defendant's sentence. When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the

---

[1]We note that Jo Ellen Kee is the informant responsible for Mr. Taylor's drug conviction.

record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Brewer, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. See State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The trial court sentenced the Defendant as a Range II multiple offender to eight years in the Department of Correction, to run consecutively to the sentences for the Defendant's two prior convictions. The court found no mitigating factors. The court found one enhancement factor, that the Defendant committed the offense while on probation. See Tenn. Code Ann. § 40-35-114(13). The Defendant argues that the trial court erred by not finding as a mitigating factor that the Defendant's conduct neither caused nor threatened serious bodily injury. See Tenn. Code Ann. § 40-35-113(1). This Court has held that mitigating factor (1) need not be applied when the defendant is convicted of an offense involving cocaine. See State v. Vanderford, 980 S.W.2d 390, 407 (Tenn. Crim. App. 1997); State v. Keel, 882 S.W.2d 410, 422 (Tenn. Crim. App. 1994). We recently addressed this issue in State v. Herman Holston, No. W2001-02004-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 538, at *11 (Jackson, June 26, 2002). In rejecting the defendant's argument that the trial judge erred by not applying mitigating factor (1) when deciding the defendant's sentence for selling cocaine, we stated that:

> [i]nherent within the trafficking and distribution of drugs is the potential for serious bodily injury. Although we recognize that not all drug deals involve violence, we do, however, recognize that the very nature of the act makes the potential for serious bodily injury ever present. Accordingly, we find that the sale of cocaine is not so sufficiently free from all danger such that it can be used to mitigate a seller's sentence.

Id. Therefore, the trial court did not err by refusing to apply mitigating factor (1) to the Defendant's sentence.[2] This issue is without merit.

Finally, the Defendant argues that the trial court erred by revoking the Defendant's probation. A trial judge is vested with the discretionary authority to revoke probation if a preponderance of the evidence establishes that a defendant violated the conditions of his or her probation. See Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The trial judge must, however, adduce sufficient evidence during the probation revocation hearing to allow him or her to make an intelligent decision. See Mitchell, 810 S.W.2d at 735.

When a probation revocation is challenged, the appellate courts have a limited scope of review. For an appellate court to be warranted in finding that a trial judge abused his or her discretion by revoking probation, it must be established that the record contains no substantial evidence to support the trial judge's conclusion that a probation violation occurred and that because of the violation, probation should be revoked. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997).

The trial court based its decision to revoke the Defendant's probation on the instant conviction. The Defendant states that "the revocation of his probation will not subserve the ends of justice in the best interests of both the public and the defendant." The language used by the Defendant is taken from Barker v. State, 483 S.W.2d 586, 590 (Tenn. Crim. App. 1972). However, the court in Barker also stated that these considerations "rest[ ] in the sound discretion of the [trial] court." Id. The trial court did not abuse its discretion by revoking the Defendant's probation based upon his conviction for selling cocaine. Therefore this issue is without merit.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

---

[2]The Tennessee Supreme Court has held that mitigating factor (1) is not per se inapplicable in cocaine possession cases. See State v. Ross, 49 S.W.3d 833, 848-49 (Tenn. 2001). In that case, the defendant was found to have constructively possessed the cocaine, which was located several rooms away from where the police found the defendant. The court noted that there was no evidence that the defendant sold or attempted to sell the drugs. "Had either of these circumstances been present, then the dangerous nature of the drug, combined with the dangerous nature of many drug transactions, may have indeed supported the trial court's rejection of this factor as constituting a threat of serious bodily injury." Id. at 848.