IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 28, 2010

**STATE OF TENNESSEE v. DOYLE BENTON**

**Appeal from the Criminal Court for Bradley County**
**Nos. M-08-524, M-09-078     Carroll L. Ross, Judge**

**No. E2009-01501-CCA-R3-CD - Filed October 28, 2010**

The Defendant, Doyle Benton, pled guilty and was sentenced as a Range I, standard offender to three years' confinement for criminal conspiracy to sell schedule II cocaine in an amount less than 0.5 grams, a Class D felony; to five years' confinement for sale and delivery of schedule II cocaine in an amount less than 0.5 grams, a Class C felony; and to three years' confinement for sale and delivery of schedule III narcotics, a Class D felony; all to be served concurrently for an effective sentence of five years' confinement. On appeal, the Defendant contends that his sentences are excessive in length and that the trial court erred by denying his request for probation. The judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and J. C. MCLIN, JJ., joined.

D. Mitchell Bryant, Athens, Tennessee, for the appellant, Doyle Benton.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Senior Counsel; Robert Steve Bebb, District Attorney General; and Cynthia LaCroy-Schemel and A. Wayne Carter, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

This case relates to transactions between the Defendant and confidential police informants in which the Defendant sold hydrocodone pills, a schedule III narcotic, and cocaine to the informants. The record reflects that during the first transaction, the Defendant sold fifty hydrocodone pills to a police informant in exchange for $200. During the second transaction, the Defendant facilitated the sale of cocaine by introducing a confidential police

informant to the seller. The Defendant remained with the seller during the transaction and received $20 from the cocaine sale. The Defendant pled guilty to these offenses.

At the sentencing hearing, Rich Kienlen testified that he was the director of misdemeanor probation for Bradley County and that he began supervising the Defendant on August 22, 2008, for a possession of marijuana conviction that resulted in an eleven-month, twenty-nine day suspended sentence. He said that the Defendant was convicted for driving under the influence of an intoxicant on September 29, 2008, and that the Defendant received an eleven-month, twenty-nine day suspended sentence. He said the Defendant was convicted of disorderly conduct on October 7, 2008, and received a thirty-day suspended sentence. He said he filed a probation violation against the Defendant due to the drug sales involved in this case, which occurred in April 2008, and due to a failure to pay fines and costs.

The Defendant testified that he was not a drug dealer. He said that he collected disability payments and that he earned money doing odd jobs, not by selling drugs. The Defendant agreed that he was convicted of armed robbery in 1982 and served six and one-half years in jail as a result.

The Defendant's presentence report reflected, and defense counsel agreed, that the Defendant was on probation for battery at the time he committed the present offenses. The presentence report also reflected that the Defendant had prior convictions for disorderly conduct, driving under the influence of an intoxicant, public intoxication, armed robbery, and assault.

The trial court found that the following enhancement factors applied pursuant to Tennessee Code Annotated section 40-35-114:

> (1) the Defendant had a previous history of criminal convictions or criminal behavior;
>
> (13) the Defendant was released on probation at the time the felonies were committed.

See T.C.A. § 40-35-114 (Supp. 2008). The trial court found no mitigating factors applicable.

The Defendant was sentenced to three years' confinement for the criminal conspiracy conviction, five years' confinement for the sale of schedule II cocaine conviction, and three years' confinement for the sale of schedule III narcotics conviction. The sentences were imposed to run concurrently, for an effective sentence of five years' confinement. The trial court denied the Defendant's request for probation, stating that confinement was necessary

to protect society by restraining a defendant with a long history of criminal conduct and that measures less restrictive than confinement had been applied unsuccessfully to the Defendant. This appeal followed.

# I

The Defendant contends that his sentences are excessive in length because the trial court failed to apply three mitigating factors. The State counters that the trial court properly determined the length of the Defendant's sentences. We hold that the sentences imposed were not excessive.

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A. §§ 40-35-401(d), -402(d). As the Sentencing Commission Comments to these sections note, the burden is now on the appealing party to show that the sentencing is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

However, "'the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" State v. Carter, 254 S.W.3d 335, 344-45 (Tenn. 2008) (quoting State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991)). In this respect, for the purpose of meaningful appellate review, the trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994); see T.C.A. § 40-35-210(e).

Also, in conducting a de novo review, we must consider (1) any evidence received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee, (7) any statement that the defendant made on his own behalf, and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210; see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229, 236 (Tenn. 1986).

In imposing a sentence within the appropriate range of punishment for a defendant:

> [T]he court shall consider, but is not bound by, the following advisory sentencing guidelines:
>
> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and
>
> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

T.C.A. § 40-35-210. From this, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" Carter, 254 S.W.3d at 343 (quoting T.C.A. § 40-35-210(d)).

The weighing of enhancement and mitigating factors is within the sole discretion of the trial court. See Carter, 254 S.W.3d at 345. Thus,

> even if a trial court recognizes and enunciates several applicable enhancement factors, it does not abuse its discretion if it does not increase the sentence beyond the minimum on the basis of those factors. Similarly, if the trial court recognizes and enunciates several applicable mitigating factors, it does not abuse its discretion if it does not reduce the sentence from the maximum on the basis of those factors.

Id.

The Defendant contends that, despite the trial court's application of enhancement factors (1) and (13), the presence of mitigating factors should warrant a less severe punishment. He argues that three mitigating factors were applicable: (1) his conduct did not threaten serious bodily injury; (4) he was only a minor participant in the offense; and (13) he

-4-

was willing to cooperate with authorities and testify against his co-conspirators. See T.C.A. §§ 40-35-113(1), (4), (13).

The trial court rejected mitigating factor (1), stating:

> I'm . . . not willing to accept on any drug case that a sale of drugs does not threaten any serious bodily [injury] . . . we have people dying on a regular basis from overdoses . . . (1) is [not] applicable on a drug deal, because I think it does threaten serious bodily injury to any potential person who uses it.

This court has often stated that mitigating factor (1) does not apply to offenses involving the sale of cocaine. See, e.g., State v. Holston, 94 S.W.3d 507, 512 (Tenn. Crim. App. 2002) ("Inherent within the trafficking and distribution of drugs is the potential for serious bodily injury. Although we recognize that not all drug deals involve violence, we do, however, recognize that the very nature of the act makes the potential for serious bodily injury ever present."); State v. Vanderford, 980 S.W.2d 390, 407 (Tenn. Crim. App. 1997); see also State v. Ross, 49 S.W.3d 833, 848 (Tenn. 2001) (holding that there could be no per se rejection of mitigating factor (1) when a defendant constructively possessed cocaine, but stating that the sale of cocaine may support rejection of mitigating factor (1) because "the dangerous nature of the drug, combined with the dangerous nature of many drug transactions, may . . . [constitute] a threat of serious bodily injury."). We conclude that the trial court properly refused to apply this mitigating factor.

The trial court rejected mitigating factor (4), stating that "there's been no evidence that [the Defendant] played a minor role in the offense, other than just argument's sake . . . ." The record shows that the Defendant sold fifty hydrocodone pills, a schedule III narcotic, to a confidential police informant. The record also shows that the Defendant facilitated the sale of cocaine by introducing a confidential police informant to the seller. The Defendant remained with the seller during the transaction and received money from the sale. Neither of these roles can be considered minor. We conclude that the trial court properly refused to apply this mitigating factor.

The trial court considered mitigating factor (13) and rejected it in light of the evidence presented, stating that "there may be some . . . suggestion . . . that [the Defendant] was going to testify . . . against the others . . . [but] I'm not sure that it has necessarily been shown." The record does not reflect that the Defendant provided the State with information

concerning his co-conspirators. The record also does not reflect that the Defendant informed the State of his desire to testify or that the State sought the Defendant's testimony. We conclude from the record that the trial court's determination not to apply this mitigating factor was correct. The Defendant has failed to show that the trial court erred in sentencing him to three years' confinement for the criminal conspiracy conviction, five years' confinement for the sale of schedule II cocaine conviction, and three years' confinement for the sale of schedule III narcotics conviction.

## II

The Defendant also contends that the trial court erred in denying his request for probation. The State contends that the trial court properly denied probation in light of the Defendant's long criminal history and his inability to comply with previous conditions of probation. We agree with the State.

Initially, we note that the Defendant was eligible for probation because he received an effective five-year sentence. See T.C.A. § 40-35-303(a) (stating that a defendant shall be eligible for probation if the actual sentence imposed is ten years or less and the offense is not excluded by statute from probation eligibility). However, mere eligibility for probation does not guarantee its application. When determining if incarceration is appropriate, a trial court should consider if:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

T.C.A. § 40-35-103(1); see also State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000).

When denying the Defendant's request for probation, the trial court found that confinement was necessary to protect society by restraining the Defendant because he had

a long history of criminal conduct, stating, "If you commit felonies over a 25-year-period with misdemeanors in between, that cannot be anything but a long history of criminal conduct." The trial court also found that measures less restrictive than confinement had been applied to the Defendant unsuccessfully, stating, "It's clear [the Defendant] was out committing crimes while he was on probation. He had no intent to go by the rules of probation while he was on probation."

The record reflects that the Defendant has prior convictions for disorderly conduct, driving under the influence of an intoxicant, public intoxication, armed robbery, and assault. It also reflects that the Defendant was on probation at the time he committed the present offenses, as well as when he was arrested for disorderly conduct and driving under the influence of an intoxicant. As a result, confinement was proper. See T.C.A. § 40-35-103(1); State v. Keen, 996 S.W.2d 842, 845 (Tenn. Crim. App. 1999) (holding that confinement was properly ordered when a defendant had multiple felony and misdemeanor convictions and twice violated his probation); State v. Wanda Joyce Drake, No. M2004-02339-CCA-R3-CD, Cannon County, slip op. at 3 (Tenn. Crim. App. Aug. 4, 2005) (stating that confinement was properly ordered in light of the defendant's criminal history, which included six misdemeanor offenses and one conviction for marijuana possession), app. denied (Tenn. Jan. 3, 2006). The Defendant has not shown that the trial court erred in denying his request for probation.

In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE