FILED

10/23/2020

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
July 8, 2020 Session

## STATE OF TENNESSEE v. AMANDA E. JONES

**Appeal from the Circuit Court for Dyer County**
**No. 18-CR-164      R. Lee Moore, Jr., Judge**

_____

## No. W2019-01771-CCA-R3-CD

_____

A Dyer County jury found the defendant, Amanda E. Jones, guilty of sale of amphetamine, a Schedule II drug. As a result of her conviction, the trial court sentenced the defendant to six years in the Tennessee Department of Correction, suspended to supervised probation after serving 365 days in confinement. On appeal, the defendant challenges the sufficiency of the evidence to support her conviction. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and CAMILLE R. MCMULLEN, J., joined.

William Lewis Jenkins, Dyersburg, Tennessee, for the appellant, Amanda E. Jones.

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; Danny Goodman, Jr., District Attorney General; and Justin C. Walling, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

This case involves a controlled drug purchase among a confidential informant, Michael Cole, the defendant, Amanda E. Jones, and her husband, Billy Mack Jones. The defendant and Mr. Jones were tried jointly, and the defendant was indicted for the unlawful and knowing sale of a Schedule II controlled substance, a Class C Felony, for her actions on the day of the incident. At trial, Mr. Cole, the defendant, and the officers involved testified.

Officers Chris Pursell and Mike Leggett, with the Dyersburg Police Department's Narcotics Unit, handle the controlled purchase of illegal substances and undercover drug operations. It is common practice for Officers Pursell and Leggett to use paid confidential informants when conducting controlled drug purchases because both officers have worked in Dyersburg for over twenty years and are often recognized. Mr. Cole has been a confidential informant for approximately twenty-five years and has worked between eighty and one hundred cases for Officers Pursell and Leggett.

On November 5, 2014, Mr. Jones contacted Mr. Cole and offered to sell Mr. Cole ten of the defendant's Adderall capsules for sixty dollars. Mr. Cole agreed to the purchase. After speaking with Mr. Jones, Mr. Cole contacted Officers Pursell and Leggett about Mr. Jones's offer and the opportunity for a controlled drug purchase. Interested in the opportunity, Officers Pursell and Leggett arranged to meet Mr. Cole to prepare him for a controlled buy with the Joneses.

In preparation for the buy, Officer Pursell obtained sixty dollars and recorded the serial numbers of the bills to be given to Mr. Cole. Officer Leggett searched Mr. Cole's vehicle, pockets, waistband, and the tops of his shoes to ensure Mr. Cole did not have any money or substances on his person. Officer Leggett then installed a video camera on the sun visor of Mr. Cole's vehicle.

Shortly before leaving for the buy, the officers instructed Mr. Cole to call Mr. Jones to confirm the details of the buy. This call was recorded and played for the jury. On the call, Mr. Cole confirmed he was to meet the Joneses at the Short Stop Market ("the Market") in Dyer County, Tennessee.

Mr. Cole then drove to the Market, and Officers Pursell and Leggett followed. The officers stationed themselves in the parking lot of a business across the street from the Market to observe the buy. While Mr. Cole was waiting for the Joneses to arrive, Mr. Jones called Mr. Cole, told him he was pulling up to the Market in a black van and instructed Mr. Cole to follow him to a side street around the corner from the Market. This conversation was recorded by the officers using an audio recording device.

The officers soon saw a black van drive by the Market and watched Mr. Cole follow the van out of the parking lot and around the corner. Neither Mr. Cole nor the officers were able to identify the driver of the van. Furthermore, the officers were unable to see the individuals in the van, to identify the van's license plate, or to follow Mr. Cole and the driver of the van to the new location without being detected. During his direct examination, Mr. Cole identified Mr. Jones as the driver of the van. Then on cross-examination explained that he could not be certain who was driving the van. He did, however, testify

the defendant exited the van and approached his vehicle.  The defendant came to Mr. Cole's driver side door and handed him ten Adderall capsules stored in the cellophane of a cigarette package.  In exchange, Mr. Cole gave the defendant sixty dollars.

After the exchange occurred, an individual flagged Mr. Cole down and asked him for a ride.  Mr. Cole declined and immediately met back up with Officers Pursell and Leggett.  Mr. Cole gave the capsules to Officer Pursell, who observed that the capsules were orange and marked as "M-amphet salts, 20 mgs."  Officer Pursell placed the capsules in an evidence bag and filed a lab request with the Tennessee Bureau of Investigation Crime Lab.  Forensic testing established that the capsules contained amphetamine, a Schedule II controlled substance.   The evidence bag and the analysis report were admitted into evidence at trial.

While Officer Pursell identified and packaged the capsules to be sent to the Crime Lab, Officer Leggett searched Mr. Cole's vehicle and removed the recording device from the vehicle's sun visor.  He also searched Mr. Cole's person and did not find any money or substances.  The officers then paid Mr. Cole $100.00 for successfully completing the buy.

Neither Officer Leggett nor Officer Pursell were permitted to testify as to the contents of the video footage obtained from Mr. Cole's vehicle.  The footage was, however, entered into evidence and played for the jury.  In reviewing the footage at trial, Mr. Cole identified the defendant and testified that the footage showed the defendant handing him ten Adderall capsules.   Officer Leggett took still photographs from the video which were entered into evidence and showed the hand-to-hand transaction between the defendant and Mr. Cole.  Officer Leggett noted the defendant is seen handing Mr. Cole a package in the images.  At the close of the State's proof, the defendant made a motion for a judgment of acquittal.  The trial court denied the motion.

The defendant then testified on her own behalf, stating she and Mr. Jones owned a junk shop in November 2014, where they bought, sold, and traded used items.  At the time of the incident, Mr. Cole had been a frequent customer for about three months.  On November 3, 2014, Mr. Cole and the defendant got into a confrontation at the shop after Mr. Cole searched the defendant's bag without her permission and stole a significant portion of her Adderall prescription.

On the morning of November 5, 2014, the defendant saw Mr. Cole and told him that he owed her money for the stolen Adderall.  Mr. Cole told the defendant he would pay her "in just a little bit."  Later that day, the defendant saw Mr. Cole while she was standing outside of an apartment complex located around the corner from the Market.  When Mr. Cole pulled up, the defendant approached Mr. Cole's vehicle, said "I need my money," and saw sixty dollars lying on the seat of his vehicle.  She took the sixty dollars, said "thanks,"

shut the door, and walked down the street. According to the defendant, the video footage from Mr. Cole's vehicle showed her retrieving sixty dollars from Mr. Cole, and did not show her giving Mr. Cole anything in return. The defendant also stated that she did not know the owner of the black van or if anyone was in the van at the time she retrieved her money from Mr. Cole.

Following deliberations, the jury found the defendant guilty of sale of a Schedule II controlled substance, and the trial court subsequently sentenced her to one year in confinement followed by five years of supervised probation. The defendant filed a motion for new trial which was denied by the trial court. This timely appeal followed.

*Analysis*

On appeal, the defendant challenges the sufficiency of the evidence to support her conviction. The defendant contends Mr. Cole's testimony and video recording of the controlled buy fail to prove the sale of a controlled substance beyond a reasonable doubt. The State contends the evidence is sufficient. After a thorough review of the record, we agree with the State and affirm the judgment of the trial court.

In determining the sufficiency of the evidence, the standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also* Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); *State v. Vasques*, 221 S.W.3d 514, 521 (Tenn. 2007). All questions involving the credibility of witnesses, the weight and value to be given to the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). Our Supreme Court has stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus, the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this court.

- 4 -

*Bolin v. State*, 405 S.W.2d 768, 771 (Tenn. 1966) (citing *Carroll v. State*, 370 S.W.2d 523 (Tenn. 1963). "A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982).

Guilt may be found beyond a reasonable doubt where there is direct evidence, circumstantial evidence, or a combination of the two. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990) (citing *State v. Brown*, 551 S.W.2d 329, 331 (Tenn. 1977); *State v. Hall*, 976 S.W.2d 121, 140 (Tenn. 1998). "The standard of review 'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)). The jury determines the weight given to circumstantial evidence, the inferences to be drawn from this evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence. *Dorantes*, 331 S.W.3d at 379 (citing *State v. Rice*, 184 S.W.3d 646, 662 (Tenn. 2006)). When considering the sufficiency of the evidence the appellate court shall not reweigh the evidence or substitute its inferences for those drawn by the trier of fact. *Id.*

Tennessee Code Annotated section 39-17-417 (a)(3) provides that it is an offense for a defendant to knowingly "sell a controlled substance." Amphetamine, such as Adderall, is a Schedule II controlled substance. Tenn. Code Ann. § 39-17-408(d)(1). The sale of a controlled substance occurs when there is a bargained-for offer and acceptance and an actual or constructive transfer or delivery of the substance. *See State v. Holston*, 94 S.W.3d 507, 510 (Tenn. Crim. App. 2002). Sale of a Schedule II controlled substance weighing less than 0.5 grams is a Class C felony. Tenn. Code Ann. § 39-17-417(c)(2)(A).

The defendant argues Mr. Cole's testimony and the video footage of the controlled buy presented at trial are not sufficient to show a drug transaction occurred during her interaction with Mr. Cole. We disagree. Viewed in the light most favorable to the State, Mr. Cole testified that Mr. Jones contacted him and offered to sell ten Adderall capsules in exchange for sixty dollars. Mr. Cole agreed to purchase the Adderall and then contacted Officers Pursell and Leggett about the opportunity for a controlled drug purchase. Seeing the Joneses as a legitimate target, Officers Pursell and Leggett met with Mr. Cole and prepared him for the controlled purchase, including searching Mr. Cole's person and vehicle. Mr. Cole then contacted Mr. Jones to confirm the details of the purchase, and Mr. Jones instructed Mr. Cole to meet him at the Market. Mr. Cole, followed by the officers, then went to the Market and waited for the Joneses to arrive. Mr. Jones called Mr. Cole and told him that he was in a black van and instructed Mr. Cole to follow him to a side street around the corner of the Market. Mr. Cole complied. The defendant then got out of

the black van, approached Mr. Cole's vehicle, and gave Mr. Cole ten Adderall capsules. Mr. Cole took possession of the capsules and gave the defendant sixty dollars in return.

After the transaction between Mr. Cole and the defendant, Mr. Cole gave Officer Pursell the ten Adderall capsules. Forensic testing established the substance collected was amphetamine. Officer Leggett searched Mr. Cole's person and vehicle again and did not find any money or substances on his person or in his vehicle.

The defendant testified that she merely retrieved the money owed to her by Mr. Cole and no substances were exchanged during the interaction. This is in direct conflict with Officer Leggett's search before and after the controlled buy, Mr. Cole's testimony, and the video footage obtained from Mr. Cole's vehicle. Although the defendant argues Mr. Cole's testimony and video footage are insufficient to establish proof beyond a reasonable doubt, the weight of this evidence is an issue to be considered by the jury. *Dorantes*, 331 S.W.3d at 379. The trier of fact is entrusted with determining the weight to be given to direct and circumstantial evidence and evaluating the credibility of witnesses. *Id*. Based on the verdict, the jury weighed the testimony of the officers, Mr. Cole, and the defendant and reconciled the evidence in favor of the State. This Court will not reweigh the evidence. *Id*. Accordingly, sufficient evidence exists from which a rational jury could find the defendant guilty beyond a reasonable doubt of the sale of Adderall, a Schedule II controlled substance. The defendant is not entitled to relief.

### *Conclusion*

Based upon the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
J. ROSS DYER, JUDGE