IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 8, 2002

## STATE OF TENNESSEE v. HERMAN HOLSTON

**Direct Appeal from the Criminal Court for Shelby County**
**No. 00-03353     Chris Craft, Judge**

---

**No. W2001-02004-CCA-R3-CD  - Filed June 26, 2002**

---

The Appellant, Herman Holston, was convicted after a trial by jury of sale of cocaine, a class C felony, and was sentenced as a Range II offender to eight years and six months confinement in the Department of Correction.  On appeal, Holston raises the following issues for our review:  (1) whether the evidence was sufficient to support the verdict, and (2) whether his sentence was proper. After a review of the record, we find that Holston's issues are without merit.  Accordingly, the judgment of the Shelby County Criminal Court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

A C Wharton, Jr., Shelby County Public Defender; W. Mark Ward, Assistant Shelby County Public Defender, for the Appellant, Herman Holston.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Angele M. Gregory, Assistant Attorney General; William L. Gibbons, District Attorney General; and Katrina Earley and John Tibbetts, Assistant District Attorneys General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On November 10, 1999, the Memphis Police Department Organized Crime Unit was conducting a "buy/bust operation" at a car wash on the corner of Hollywood and Golden streets in Memphis.  Upon driving onto the car wash lot, Officer Israel Taylor, the decoy officer of the operation, was immediately approached by the Appellant.  The Appellant asked Officer Taylor what he was looking for, and Taylor responded that he was looking for twenty dollars of crack cocaine. The Appellant directed Officer Taylor to proceed to Hunter Street.  Once parked on Hunter Street,

the Appellant instructed Officer Taylor to wait inside the car because he had "to go get the crack." Officer Taylor offered the Appellant money at this time, but the Appellant refused the money saying, "I don't want to touch your money. I'll be back." The Appellant exited the vehicle and walked down the street out of Officer Taylor's sight. Officers Dorothy Hyman and Michael Hardy, who were positioned in another police vehicle, observed the Appellant walk to a residence which was located a short distance away. Upon arrival at the residence, John Smalls, the Appellant's co-defendant in this case, met the Appellant at the front gate, where the two men "did some kind of exchange, hand-to-hand." After completing the exchange, the Appellant walked back to the decoy vehicle and got inside. Officer Taylor was then directed to drive to Eldridge Street. The Appellant then handed Officer Taylor the crack cocaine, and Taylor paid the Appellant with two marked ten dollar bills. The Appellant exited the vehicle and walked back to the Hunter Street residence, where he was observed delivering the marked money to Smalls. At that time, Officer Hardy gave the "takedown signal." When the officers approached the residence, both men ran and, after a short chase, were apprehended. The Appellant was found inside the bathroom of the Hollywood Disco, and Smalls was found hiding behind a trash can. No marked money was found on either man. At trial, the Appellant and Smalls claimed no involvement in the transaction.

On March 28, 2000, a Shelby County grand jury returned an indictment against the Appellant and Smalls, charging them jointly with sale of less than one-half of a gram of cocaine. On January 20, 2001, after a trial by jury, the Appellant was found guilty as charged and Smalls was found guilty of facilitation of the sale of cocaine. On June 20, 2001, the Appellant received a sentence of eight years and six months as a Range II offender. This timely appeal followed.

## ANALYSIS

### I. Sufficiency of the Evidence

The Appellant contends that the evidence was insufficient to support his conviction for sale of cocaine in an amount less than one-half of a gram, a class C felony. Specifically, he argues that "[a]t most, the evidence supports a conviction for facilitation of a 'sale' of cocaine." A jury conviction removes the presumption of innocence with which a defendant is cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Likewise, it is not the duty of this court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. *State v. Adkins*, 786 S.W.2d 642, 646 (Tenn. 1990); *State v. Burlison*, 868 S.W.2d 713, 719 (Tenn. Crim. App. 1993). Instead, the Appellant must establish that the evidence presented at trial was so deficient that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). In *State v. Matthews*, 805

S.W.2d 776, 779 (Tenn. Crim. App. 1990), this court held these rules applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence.

To convict a defendant for sale of cocaine, the State must prove that the defendant knowingly sold cocaine, a schedule II controlled substance. *See* Tenn. Code Ann. § 39-17-417(a)(3) (Supp. 2001). The Appellant argues that the proof was insufficient to support a conviction for sale of cocaine; nonetheless, he acknowledges that the proof was sufficient to support a conviction for delivery of cocaine. However, because the indictment did not charge delivery, he contends that the evidence supports, at best, a conviction for facilitation. In support of this argument, he contends that he was merely the "procuring agent" in the sale of cocaine; accordingly, the evidence is insufficient to support a conviction for sale of cocaine.

The "procuring agent" defense was abolished *in toto* by the enactment of the 1989 Criminal Code. *State v. Porter*, 2 S.W.3d 190 (Tenn. 1999). In *State v. Alexander*, No. 01C01-9302-CR-00063 (Tenn. Crim. App. at Nashville, Mar. 24, 1994), this court adopted Black's Law Dictionary definition of sale: "A contract between two parties, respectively, the 'seller' (or vendor) and the 'buyer' (or purchaser), by which the former, in consideration of the payment or promise of payment of a certain price in money, transfers to the buyer the title and possession of the property." BLACK'S LAW DICTIONARY 1200 (5th ed. 1979). Therefore, a sale consists of two components: a bargained-for offer and acceptance, and an actual or constructive transfer or delivery of the subject matter property. *State v. Wilkerson*, No. 03C01-9708-CR-00336 (Tenn. Crim. App. at Knoxville, July 9, 1998) (citing *Alexander*, No. 01C01-9302-CR-00063).

In this case, the Appellant approached Officer Taylor inquiring if he wanted to purchase cocaine. After Officer Taylor responded affirmatively, the Appellant completed arrangements for the contemplated sale. The proof established that in exchange for the sum of $20, the Appellant sold cocaine to Officer Taylor. One who accepts payment in exchange for property is involved in a sale. *Id.* (citing *State v. David Henning*, No. 02C01-9404-CC-00079 (Tenn. Crim. App. at Jackson, Oct. 26, 1994)). The Appellant's actions satisfy the two broad requirements of a sale; he accepted an offer and delivered the property. This factual scenario supports the conclusion that the evidence in the record is sufficient to establish that the Appellant participated in a knowing sale of cocaine.

## II. Sentencing

The Appellant argues that the eight-year and six-month sentence as imposed by the trial court was excessive. He contends that the trial court misapplied enhancement factors and failed to apply or properly weigh mitigating factors. When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169. When conducting a *de novo*

review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the pre-sentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the Appellant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 (1997); *Ashby*, 823 S.W.2d at 168.

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and made findings of fact that are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In the case before us, the record demonstrates that the trial court properly considered relevant sentencing principles. Accordingly, we apply the presumption.

In determining the Appellant's sentence, the trial court considered two enhancement factors: (1) The Appellant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, and (2) The Appellant was the leader in the commission of the offense involving two or more criminal actors. Tenn. Code Ann. § 40-35-114(1), (2) (Supp. 2001). The Appellant concedes that the trial court properly applied enhancement factor (1). We agree. The Appellant's criminal history reflects convictions for possession of cocaine, aggravated criminal trespass, facilitation of the sale of cocaine, sale of cocaine, and possession of marijuana. Such past criminal behavior adequately supports enhancement factor (1) above. With regard to enhancement factor (2), that the Appellant was the leader in the commission of the offense, we find that the proof in the record supports its application. Clearly, it was the Appellant who solicited the purchase of cocaine, who made arrangements for its sale, and who personally completed the drug transaction. This court has held that "enhancement for being a leader in the commission of an offense does not require that the Appellant be the sole leader but only that he be 'a' leader" in the commission of the offense. *State v. Hicks*, 868 S.W.2d 729, 731 (Tenn. Crim. App. 1993) (citations omitted). Based upon these facts, we find the Appellant was a leader in the commission of this offense. Accordingly, we find the trial court's application of enhancement factor (2) was, therefore, proper.

The Appellant also argues that the trial court erred by not considering mitigating factor (1), that the Appellant's criminal conduct neither caused nor threatened serious bodily injury. Tenn. Code Ann. § 40-35-113(1) (1997). We disagree. Inherent within the trafficking and distribution of drugs is the potential for serious bodily injury. Although we recognize that not all drug deals involve violence, we do, however, recognize that the very nature of the act makes the potential for serious bodily injury ever present. Accordingly, we find that sale of cocaine is not so sufficiently free from all danger such that it can be used to mitigate a seller's sentence. *State v. Vanderford*, 980 S.W.2d 390, 407 (Tenn. Crim. App. 1997); *see also State v. Keel*, 882 S.W.2d 410, 422 (Tenn. Crim. App. 1994). Therefore, we conclude that the trial court did not err by not applying mitigating factor (1) to the Appellant's sentence.

When there are enhancement factors and no mitigating factors, there is no presumptive sentence and the court may sentence above the minimum in the range. Tenn. Code. Ann. § 40-35-210(d) (Supp. 2001). Of particular weight in this case is the Appellant's prior drug convictions. Under these circumstances, the trial court was clearly justified in imposing a sentence of eight years and six months for sale of cocaine.

## CONCLUSION

Based upon the foregoing, we find that the evidence presented at trial was sufficient to support a guilty verdict beyond a reasonable doubt. Furthermore, the sentence imposed by the trial court was not excessive as to length. Accordingly, the judgment of the Shelby County Criminal Court is affirmed.

_____
DAVID G. HAYES, JUDGE