IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 6, 2003

## STATE OF TENNESSEE v. DARWIN TREECE

**Direct Appeal from the Circuit Court for McNairy County**
**No. 1547B    Jon Kerry Blackwood, Judge**

_____

**No. W2002-02738-CCA-R3-CD  - Filed October 15, 2003**

_____

The defendant pled guilty to one count of delivering a Schedule II controlled substance (Hydromorphone). He was sentenced to 50 months to be served with Corrections Management Corporation, a community-based alternative, after service of 180 days in the county jail. The defendant appealed the sentence, contending that it was excessive. We hold that the trial court properly rejected mitigating factor one because drug dealing inherently involves the risk of bodily injury and that the defendant's prior criminal behavior justified the sentence imposed. Finding no error, the judgment is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ., joined.

Gary F. Antrican, District Public Defender, and Rickey W. Griggs, Assistant Public Defender, for the appellant, Darwin Treece.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Jerry W. Norwood, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On June 10, 2002, the McNairy County Grand Jury returned a four-count indictment against the defendant, Darwin Treece. He was charged with one count of delivering a Schedule II controlled substance (Hydromorphone), two counts of possessing a Schedule II controlled substance (Hydromorphone) with intent to deliver, and one count of possessing a Schedule IV controlled substance (Alprazolam) with intent to deliver. On July 11, 2002, the defendant pled guilty to one count of delivering a Schedule II controlled substance (a Class C felony), and the other charges were dismissed.

**Facts**

A sentencing hearing was held at which the presentence investigation report was entered and the trial court heard argument from the defense that two mitigating factors should be applied. The defendant requested mitigation of his sentence, contending that his conduct neither caused nor threatened serious bodily injury and that he had accepted responsibility for his actions. The trial court found that the defendant's prior history of criminal behavior outweighed his admission of guilt and rejected the serious bodily injury mitigation factor. The defendant requested that he be given probation or house arrest. The trial court sentenced the defendant to 50 months to be served with Corrections Management Corporation, a community-based alternative, after service of 180 days in the county jail. The defendant filed a timely notice of appeal, claiming that the sentence was excessive.

**Analysis**

A defendant who challenges his or her sentence has the burden of proving that the sentence imposed by the trial court is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). When a defendant appeals the length, range, or manner of service of his or her sentence, it is the duty of this Court to conduct a *de novo* review of the record with a presumption the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999).

The sentencing range for a standard offender convicted of a Class C felony is not less than three years nor more than six years. Tenn. Code Ann. § 40-35-112. When both enhancing and mitigating factors are present, the court must start at the minimum sentence, enhance as appropriate within the range for the enhancement factors, then reduce the sentence within the range as appropriate for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). We disagree with the defendant's contention that the trial court erred in failing to find that his actions neither caused nor threatened serious bodily injury. The potential for serious bodily injury is inherent in the nature of drug dealing. State v. Holston, 94 S.W.3d 507, 512 (Tenn. Crim. App. 2002). Thus, mitigating factor one (neither caused nor threatened serious bodily injury) was properly rejected by the trial court.

The trial court found that the defendant's prior history of criminal behavior outweighed his admission of guilt, and we agree. The defendant has three prior drug-related convictions, seven driving while under the influence convictions, two assault convictions, and five other various convictions. The application of the prior criminal behavior enhancement factor is supported by the record. The defendant has been convicted of three prior drug offenses, and yet he continues to offend. The trial court's sentence of fourteen months above the minimum was not excessive.

**Conclusion**

We affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE