IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 10, 2024

**STATE OF TENNESSEE v. TERRANCE K. MARTIN**

**Appeal from the Circuit Court for Maury County**
**No. 2021-CR-29134        Russell Parkes, Judge**

_____

**No. M2024-00480-CCA-R3-CD**

_____

Defendant, Terrance K. Martin, was charged in a three-count indictment with two counts of sale of 0.5 grams or more of methamphetamine and one count of sale of 0.5 grams or more of cocaine. A jury convicted Defendant as charged, and the trial court imposed a total effective sentence of twenty-eight years' incarceration. Defendant appeals his convictions, arguing that the State presented insufficient proof that he knowingly sold the drugs. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which TOM GREENHOLTZ and KYLE A. HIXSON, JJ., joined.

William C. Barnes, Jr., Columbia, Tennessee, for the appellant, Terrance K. Martin.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; Brent Cooper, District Attorney General; and Ross Boudreaux, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Evidence at Trial*

In February 2019, officers from the Maury County Sheriff's Office conducted three controlled drug buys from Defendant using a confidential informant ("C.I."). The C.I. testified that she had known Defendant "for a long time." She approached law enforcement

about doing a controlled purchase from Defendant because her brother "[w]as always having problems with [Defendant] coming over and selling drugs and doing this and that."

On February 7, 2019, deputies met the C.I. at a predetermined location where they searched her and her car to confirm she did not possess any drugs or money. Deputies equipped the C.I.'s vehicle with an audio/video recording device and gave her $100 to buy methamphetamine. The C.I. picked up Defendant in her car, and they drove around. She drove Defendant to another location and handed him $100. Defendant exited the car but left his jacket behind. The C.I. moved her car and waited for Defendant to return. When Defendant returned to her car, he reached through the passenger side window, removed his jacket, and dropped a wrapped substance inside. Forensic testing established that the substance was 2.29 grams of methamphetamine.

On February 8, 2019, deputies again met the C.I. at a predetermined location, searched her and her vehicle, equipped her with an audio/video recording device, and gave her $100 to purchase methamphetamine. The C.I. picked up Defendant in her car. Defendant instructed the C.I. to drive down the street. The C.I. handed Defendant $100, and Defendant handed the C.I. a wrapped substance. After the exchange, Defendant told the C.I. that he included "a little extra sh[**]" from the day before. The C.I. then drove Defendant down the street and dropped him off. The C.I. returned to the deputies' location and turned over the substance, which forensic testing established was 2.56 grams of methamphetamine.

On February 13, 2019, deputies carried out another controlled purchase with the same C.I., using the same procedures as before, and gave her $180 to purchase cocaine. The C.I. called Defendant and told him she "wanted the soft," referring to cocaine. Defendant told the C.I. to meet him at a house. When she arrived, the C.I. entered the house, sat down, and talked with Defendant. She then counted out and handed Defendant $180. Defendant handed the C.I. a baggie containing a white substance. After the exchange, the C.I. questioned Defendant about the weight of the substance. Defendant said, "I got to make some money." The C.I. returned to the deputies' location and turned over the substance, which forensic testing established was a mixture of cocaine and methamphetamine but mostly cocaine with a total weight of 2.42 grams.

Defendant did not testify or present any proof. The trial court instructed the jury on the lesser included offense of casual exchange of controlled substances. The jury convicted Defendant as charged, and the trial court imposed an effective sentence of twenty-eight years' confinement. Following the trial court's denial of Defendant's motion for new trial, Defendant filed a notice of appeal[1] to this Court.

---

[1] Defendant filed a motion seeking to late-file his notice of appeal, which this Court granted.

*Analysis*

On appeal, Defendant challenges the sufficiency of the evidence, arguing that the evidence was only sufficient to support convictions for casual exchange rather than the sale of a controlled substance. The State counters that the proof at trial supported Defendant's convictions for knowingly selling controlled substances.

When a defendant challenges the sufficiency of the evidence, the relevant question for this Court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). On appeal, "'the State is entitled to the strongest legitimate view of the evidence and to all reasonable and legitimate inferences that may be drawn therefrom.'" *State v. Elkins*, 102 S.W.3d 578, 581 (Tenn. 2003) (quoting *State v. Smith*, 24 S.W.3d 274, 279 (Tenn. 2000)). Therefore, this Court will not re-weigh or reevaluate the evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Instead, it is the trier of fact, not this Court, who resolves any questions concerning "the credibility of witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence." *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997).

A guilty verdict removes the presumption of innocence and replaces it with a presumption of guilt. *State v. Evans*, 838 S.W.2d 185, 191 (Tenn. 1992). The burden is then shifted to the defendant on appeal to demonstrate why the evidence is insufficient to support the conviction. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). This Court applies the same standard of review regardless of whether the conviction was predicated on direct or circumstantial evidence. *State v. Dorantes*, 331 S.W.3d 370, 381 (Tenn. 2011).

It is an offense to knowingly sell methamphetamine. T.C.A. § 39-17-434(a)(3). Likewise, it is an offense to knowingly sell a controlled substance. *Id.* §§ 39-17-417(a)(3), -408(b)(4). A person acts knowingly "with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist." *Id.* § 39-11-302(b). "[A] sale consists of two components: a bargained-for offer and acceptance, and an actual or constructive transfer or delivery of the subject matter property." *State v. Holston*, 94 S.W.3d 507, 510 (Tenn. Crim. App. 2002) (citing *State v. Wilkerson*, No. 03C01-9708-CR-00336, 1998 WL 379980, at *3 (Tenn. Crim. App. July 9, 1998)). When the amount of cocaine or methamphetamine sold is more than 0.5 grams, the offense is a Class B felony. T.C.A. § 39-17-417(c)(1).

Our Code provides that, "It is an offense for a person to knowingly possess or casually exchange a controlled substance. . . ." T.C.A. § 39-17-418(a). Except under limited circumstances, a casual exchange is a misdemeanor. "A 'casual exchange' contemplates a spontaneous passing of a small amount of drugs, for instance, at a party. Money may or may not be involved." *State v. Copeland*, 983 S.W.2d 703, 708 (Tenn. Crim. App. 1998) (citation omitted). A transaction is not a casual exchange if there was a design or previous plan to make the exchange. *State v. Carey*, 914 S.W.2d 93, 96 (Tenn. Crim. App. 1995). Additionally, the statute provides for the following inference of casual exchange:

> It may be inferred from circumstances indicating a casual exchange among individuals of a small amount of a controlled substance or substances that the controlled substance or substances so exchanged were possessed not with the purpose of selling or otherwise dispensing in violation of § 39-17-417(a). The inferences shall be transmitted to the jury by the trial judge's charge, and the jury will consider the inferences along with the nature of the substance possessed when affixing the penalty.

T.C.A. § 39-17-419. Whether a transfer is a casual exchange is to be determined from all facts and circumstances of the case. *State v. Helton*, 507 S.W.2d 117, 121 (Tenn. 1974).

Viewed in the light most favorable to the State, Defendant knowingly sold drugs to the C.I. On the first occasion, the C.I. gave Defendant $100 in exchange for 2.29 grams of methamphetamine; on the second occasion, the C.I. gave Defendant $100 in exchange for 2.56 grams of methamphetamine; and on the third occasion, the C.I. gave Defendant $180 in exchange for 2.42 grams of cocaine. The State presented the testimony of the lead investigator in charge of the controlled buys, video recordings of the controlled buys, and the testimony of the C.I.

Defendant points to his "long relationship" with the C.I. and the video recordings that showed "banter" and "a friendship" between the two to argue that the jury should have convicted him of casual exchange. We are unpersuaded by Defendant's argument. There was no evidence that Defendant gave the drugs to the C.I. as a friendly gesture. The C.I. contacted Defendant for the purpose of purchasing drugs. Defendant exchanged drugs for money on three occasions within a one-week period. The trial court properly instructed the jury on casual exchange, including the casual exchange inference, and the jury rejected this theory, finding Defendant guilty of selling methamphetamine and cocaine on three occasions. The evidence was sufficient to sustain Defendant's convictions. He is not entitled to relief.

CONCLUSION

Based on the foregoing, we affirm the judgments of the trial court.

s/ Timothy L. Easter
TIMOTHY L. EASTER, JUDGE