IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

August 5, 2025 Session

## STATE OF TENNESSEE v. JUSTIN DARNAY GRAVES

**Appeal from the Circuit Court for Madison County**
**No. 20-702     Donald H. Allen, Judge**

_____

### No. W2024-01283-CCA-R3-CD
_____

STEVEN W. SWORD, J., concurring in part and dissenting in part.

I agree with the majority in its legal conclusion that the evidence was sufficient to support the trial court's and jury's findings that the State had proven venue in Madison County on the counts of delivery of heroin and delivery of methamphetamine by a preponderance of the evidence. However, I must respectfully dissent from its finding that the State failed to establish venue in Madison County on the counts of sale of heroin and sale of methamphetamine by a preponderance of the evidence.

The trial court instructed the jury in accordance with Tennessee Pattern Jury Instruction 2.05. The trial court stated:

> Venue of the offense lies in the county where the offense was commenced or consummated. If one or more elements of an offense are committed in one county and one or more elements in another county, the offense may be prosecuted in either county. ...

> If you find that the state has failed to prove by a preponderance of the evidence that the offense was commenced or consummated in Madison County, Tennessee, then you must return a verdict of not guilty.

Tennessee Code Annotated section 39-11-103 is the relevant statute concerning the establishment of territorial jurisdiction inside the boundaries of the State of Tennessee. The phrase "commenced or consummated" is found in subsection (b)(1) of section 39-11-103, which states, "When an offense is commenced outside of this state and consummated in this state, the person committing the offense is liable for punishment in this state in the county in which the offense was consummated, unless otherwise provided by statute."

Thus, this language pertains to establishing territorial jurisdiction within the State by an out-of-state actor, not necessarily the county of venue.

The relevant subsection of the statute for the appropriate county of venue for actions occurring within Tennessee is (d)(1), which states in relevant part, "If one (1) or more elements of an offense are committed in one (1) county and one (1) or more elements in another, the offense may be prosecuted in either county." Tenn. Code Ann. § 39-11-103(d)(1). This language is also codified in Tennessee Rule of Criminal Procedure 18(b). Thus, the jury instructions contained language relevant to territorial jurisdiction in Tennessee and to the appropriate county of venue. Since the proof at trial established that all events occurred in Tennessee, this instruction could be confusing to a jury. I would suggest that the very capable Committee on Pattern Jury Instructions (Criminal) examine Instruction 2.05 for possible revisions.

In any event, the relevant inquiry, as stated by the majority, is whether the State has proven that one or more elements of the offense occurred in Madison County. The essential elements necessary to commit the offense of sale of a controlled substance are 1) the defendant sold a controlled substance, and 2) the defendant acted knowingly. Tenn. Code. Ann. 39-17-417(a)(3). The mens rea element of "knowingly" is irrelevant to the question of venue. You must look to the *locus delicti* of the criminal acts. *See United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999). Here, I would find that an *actus reus* of the sale occurred in Madison County.

As stated by the majority, a "sale" is "a bargained for, offer and acceptance and an actual or constructive transfer or delivery of the substance." *State v. Holston*, 94 S.W.3d 507, 510 (Tenn. Crim. App. 2002). The proof establishes that the Defendant was bargaining with the buyer while in Madison County. Circumstantial proof indicates that there was an offer and acceptance resulting in the Defendant transporting the drugs to the buyer in Gibson County. The majority seems to hold that the actual physical delivery must have been completed in Madison County for the element of a sale to occur there. However, as conceded by the majority in finding that venue was appropriate for the delivery counts, the definition of delivery is "the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship[.]" Tenn. Code Ann. § 39-17-402(6). I see no logical reason to define delivery differently for the sale of a controlled substance. Since the Defendant commenced the process of transferring controlled substances while in Madison County (an attempted transfer), his actions met the definition of delivery. Thus, the Defendant bargained for the exchange of drugs while in Madison County, and he delivered them while in Madison County by initiating the process of the delivery by taking the drugs from Madison County to Gibson County. It is true that the actual handoff did not occur in Madison County, but the attempted transfer did. The Defendant committed an offer, acceptance, and delivery in Madison County. Therefore, there was a sale in Madison County.

It is easy to conceive of a set of circumstances where an individual living in County "A" conducts drug sales through the use of social media or text messaging by offering drugs for sale and receiving an acceptance of the offer by a buyer in County "B." If the seller gave the drugs to a subordinate to transport the drugs to the buyer in County "B", the logic of the majority would hold that the seller committed the delivery of a controlled substance in County "A", but not the sale of the controlled substance in County "A." Such a result would be contrary to reason. Thus, I respectfully disagree and must dissent from this part of the majority holding.

s/ *Steven W. Sword*_____

Steven W. Sword, Judge